UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
NOV 0 3 2008
[signature] CLERK

| | | |
|---|---|---|
| LORETTA REAR, | ) | CIV. 08-5023-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff applied for social security disability insurance benefits. The Administrative Law Judge (ALJ) denied plaintiff's claim. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also

Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615

F.2d 1288, 1289 (8th Cir. 1980).  As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently.  Smith, 987 F.2d at 1374.

## BACKGROUND AND DISCUSSION

Plaintiff is a 56-year-old woman, born on June 2, 1952.  On October 25, 2004, plaintiff filed for social security disability insurance benefits, alleging disability commencing on April 30, 2003.  Administrative Record (AR) 15.  Plaintiff alleged the following ailments as a basis for disability: 1) neurofibromatosa, 2) arthritic knees, hips, and back, 3) varicose veins, and 4) carpal tunnel syndrome.  AR 16.  Plaintiff later amended her alleged onset date to October 26, 2004.  AR 162.  Plaintiff's claims were denied at all stages, and she appealed to the ALJ.

The ALJ hearing was held on May 22, 2006.  AR 15.  Plaintiff was represented by counsel.  Id.  On July 17, 2006, the ALJ issued his decision.  AR 15-29.  The ALJ found that plaintiff suffered from three severe aliments:  neurofibromatosa, sleep apnea, and obesity.  AR 17.  However, the ALJ found that several other ailments alleged by plaintiff, including carpal tunnel syndrome, arthritis, varicose veins, shoulder pain, and myofascial pain syndrome, were not severe as defined by agency regulations.  AR 17-18.  The ALJ also found that plaintiff was not entirely credible, was not disabled, and was capable of performing a significant range of sedentary work that was available in the

regional and national economy. AR 28-29. Accordingly, plaintiff's claim for benefits was denied. The present appeal followed.

Plaintiff raises three issues in this appeal. First, plaintiff contends that the ALJ erred in determining that plaintiff's left shoulder pain, varicose veins, and myofascial pain syndrome were not severe. Second, plaintiff contends that the ALJ erred by rejecting the treating physician assessments of plaintiff's ability to function and by failing to grant controlling weight to those assessments. Third, plaintiff contends that the ALJ erred in finding that plaintiff was not entirely credible. For reasons that follow, the Court concludes that none of the issues raised by plaintiff warrant reversal of the ALJ's decision, which is supported by substantial evidence and therefore must be affirmed.

A.    **Severe Impairments**

Under the regulations and case law governing social security disability cases, "[a]n impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). If an alleged impairment would have no more than a minimal effect on plaintiff's ability to work, it does not rise to the level of a severe impairment. Id. "It is the claimant's burden to establish that his impairment or combination of impairments are severe." Id. As always, the Court's inquiry is limited by the substantial-evidence standard of review; if there is substantial evidence in the record to support the ALJ's finding on this issue, that finding must be affirmed.

4

The ALJ found plaintiff's alleged impairments to be not severe primarily on the basis that the record as a whole did not support plaintiff's allegations, and that the record lacked any persuasive assessment of functional limitation or restriction on her activities due to these impairments. AR 18. After reviewing the record, the Court finds that the ALJ's decision on this issue is supported by substantial evidence. While plaintiff's medical records document and even contain formal diagnoses of plaintiff's alleged impairments, those records are essentially devoid of any reference to functional limitations due to those impairments. The Eighth Circuit has routinely held that the proper inquiry when determining disability is the claimant's functional limitations, not her diagnoses. See Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990). Plaintiff does provide one medial source statement from Dr. Elizabeth Sayler that indicates functional limitations related to plaintiff's alleged impairments. AR 343-48. However, as discussed later in this opinion, the ALJ properly discounted Dr. Sayler's conclusion about plaintiff's ability to work. As a result, Dr. Sayler's opinion provides no support for plaintiff on this issue.

To whatever extent plaintiff alleges severe disability due to pain, the Court notes that plaintiff has taken a conservative approach to treatment of her alleged impairments. See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (the failure to pursue aggressive treatment options is inconsistent with an allegation of severe disability). For instance, a medical note from March 27, 2006, indicates that plaintiff "might benefit from a visit to

5

the Pain Management Center." AR 285. This indicates that plaintiff claimed to be disabled *before* investigating whether or not pain management could help alleviate any of her impairments. This constitutes substantial evidence supporting the ALJ's finding that not all of plaintiff's alleged impairments were severe.

Finally, the Court notes that the ALJ found plaintiff to be not entirely credible. As will be discussed below, the ALJ's finding with respect to plaintiff's credibility is supported by substantial evidence. The Eighth Circuit's ruling in Kirby makes it clear that an adverse credibility finding can have bearing on determination as to the severity of an alleged impairment. 500 F.3d at 708. Thus, the adverse credibility determination constitutes further substantial evidence in support of the ALJ's findings as to the severity of plaintiff's impairments, which, for reasons previously stated, is affirmed.

B.   **Treating Physician Assessments**

The Eighth Circuit has held that "[a] treating physician's opinion is generally entitled to substantial weight, but it does not automatically control, because the ALJ must evaluate the record as a whole." Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007) (citations omitted). Nonetheless, the ALJ is required to "give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527(d)(2).

Plaintiff argues that the ALJ erred by rejecting two separate treating-physician assessments stating that plaintiff was medically incapable of working an eight-hour day.

6

Dr. Elizabeth Sayler provided such an opinion in a medical source statement of ability to do work-related activities signed on May 8, 2006. AR 343-48. The ALJ declined to grant controlling weight to Dr. Sayler's opinion on the basis that the opinion was inconsistent with the record as a whole, and with Dr. Sayler's own treatment notes in particular. This decision is supported by substantial evidence. For instance, a review of Dr. Sayler's treatment notes reveals that, prior to the assessment completed on May 8, 2006, Dr. Sayler never imposed any restrictions on plaintiff's activities and never assessed any functional limitations. A treatment note from September 14, 2004, provides that plaintiff's pain is "reasonably well controlled." AR 190. Additionally, a treatment note from January 13, 2005, completed by Dr. Sayler, provides that plaintiff "is limited by pain" but nevertheless "probably could do some jobs." These examples constitute significant inconsistencies, and Eighth Circuit case law provides that "[w]hen a treating physician's notes are inconsistent with his or her residual functional capacity assessment, we decline to give controlling weight to the residual functional capacity assessment." Pirtle v. Astrue, 479 F.3d 931, 933 (8th Cir. 2007) (citations omitted). As such, the ALJ's decision to discount Dr. Sayler's opinion is supported by substantial evidence and therefore must be affirmed.

Plaintiff also directs the Court's attention to a letter from Dr. Julie Hammack dated April 11, 2005, in which Dr. Hammack provides that, due to plaintiff's various impairments, "she is disabled from work." AR 277. The ALJ accorded no weight to this

opinion due to the fact that it was not a medical opinion, but rather was an opinion on the application of a statute. This decision was supported by both case law and agency regulations. See Krogmeier v. Barnhart, 294 F.3d 1019, 1028 (8th Cir. 2002) (an opinion on the application of a statute is a task assigned to the discretion of the Commissioner). See also 20 C.F.R. § 404.1527. As such, the ALJ's decision on this issue was not erroneous, and therefore shall be affirmed.

C.   **Plaintiff's Credibility**

"The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001). This Court may reverse the ALJ's credibility determination "only if it falls outside the available zone of choice," and "[a] decision is not outside the zone of choice simply because [the Court] may have reached a different conclusion had [it] been the fact finder in the first instance." Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006) (citations and quotation marks omitted).

The ALJ found plaintiff to be not entirely credible based on inconsistencies between plaintiff's allegations and the record as a whole. This finding was exhaustively supported by the ALJ. AR 24-25. For instance, plaintiff testified at the hearing that she could only lift two pounds and that it would be painful to carry even that much weight. AR 381. However, plaintiff also admitted to regularly participating in a bowling league in which she wielded a ten-pound bowling ball. AR 147, 371. This and numerous other

inconsistencies were noted by the ALJ in his opinion. The Court need not discuss these inconsistencies individually. The Court need only note that, in order to comply with governing case law, an ALJ "must make an express credibility determination that explains, based on the record as a whole, why the claims were found to be not credible." Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006) (citations omitted). This is precisely what the ALJ has done in this case. The ALJ amply supported his credibility finding by citing dozens of inconsistencies in the record as a whole. As a result, the Court must affirm that finding.

**D.   Conclusion**

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed, plaintiff's motion for summary judgment (Docket #8) is denied, and the decision of the ALJ is affirmed.

Dated this 3rd day of November, 2008.

BY THE COURT:

_____
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE